# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
SUPERIOR COURT

Cheshire Superior Court
12 Court St.
Keene NH 03431

Telephone: (603) 352-6902
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## ORDER OF NOTICE ON COMPLAINT
PAD Rule 1

Case Name: **Allstatel Property and Casualty Insurance Company v Dish Network Service, LLC f/k/a, et al**
Case Number: **213-2013-CV-00122**

A lawsuit has been filed against Dish Network Corp d/b/a Dish Network; Dish Network Service, LLC f/k/a; Dish Network, LLC f/k/a Echostar Sattelite, LLC in this Court. A copy of the complaint is attached. If you have been previously served with a document entitled "Writ of Summons", disregard any deadline contained therewith. These are the relevant deadlines in your case:

**The Court ORDERS that ON OR BEFORE:**

| | |
|---|---|
| July 07, 2013 | Allstatel Property and Casualty Insurance Company shall have this Order of Notice and the attached Complaint served upon Dish Network Corp d/b/a Dish Network; Dish Network Service, LLC f/k/a; Dish Network, LLC f/k/a Echostar Sattelite, LLC by in hand or by leaving a copy at his/her abode, or by such other service as is allowed by law. |
| July 14, 2013 | Allstatel Property and Casualty Insurance Company shall file the returns of service with this Court. Failure to do so may result in this action being discontinued without further notice. |
| 30 days after Defendant is served | Dish Network Corp d/b/a Dish Network; Dish Network Service, LLC f/k/a; Dish Network, LLC f/k/a Echostar Sattelite, LLC must file a written appearance form and written answer or other responsive pleading form with this Court. A copy of the answer and/or responsive pleading must be sent to the party listed below and any other party who has filed an appearance in this matter. |

**Notice to Dish Network Corp d/b/a Dish Network; Dish Network Service, LLC f/k/a; Dish Network, LLC f/k/a Echostar Sattelite, LLC:** If you do not comply with these requirements you will be considered in default and the Court may issue orders that affect you without your input.

Send copies to:
John P. Sherman, ESQ

Sherman Law PLLC
155 Fleet Street
Portsmouth NH 03801

BY ORDER OF THE COURT

May 23, 2013

James I. Peale
Clerk of Court

THE STATE OF NEW HAMPSHIRE

CHESHIRE COUNTY, SS                                                                        SUPERIOR COURT

ALLSTATE PROPERTY AND CASUALTY :
INSURANCE COMPANY as subrogee of
ROBERT HOEY AND MARCIA HOEY   :
3100 Sanders Road
Northbrook, Illinois 60062                :     Case No.:
         Plaintiff,
                                            :

        v.                                         :

DISH NETWORK SERVICE, LLC f/k/a
DISH NETWORK SERVICE CORP. d/b/a   :
DISH NETWORK
321 Commerce Way                :
Pembroke, NH 03275
                                           :
9601 South Meridian Blvd.
Englewood, CO 80112

   and

DISH NETWORK, LLC f/k/a ECHOSTAR
SATTELITE, LLC d/b/a DISH NETWORK
321 Commerce Way
Pembroke, NH 03275

9601 South Meridian Blvd.
Englewood, CO 80112

   and

DISH NETWORK CORP.
d/b/a DISH NETWORK
9601 South Meridian Blvd.
Englewood, CO 80112

        Defendants.

**COMPLAINT WITH JURY DEMAND**

1

Plaintiff Allstate Property & Casualty Insurance Company as subrogee of Robert Hoey and Marcia Hoey, by and through their undersigned attorneys, hereby state by way of Complaint against the defendants as follows:

## PARTIES

1. Plaintiff, Allstate Property and Casualty Insurance Company, (hereinafter "Allstate") is a corporation organized and existing under the laws of the State of Illinois with a principal place of business located at 3100 Sanders Road, Northbrook, Illinois 60062, and at all times relevant hereto, was licensed to do business and issue insurance policies within the State of New Hampshire.

2. At all times relevant hereto, defendant Dish Network Service, LLC f/k/a Dish Network Service Corp. also d/b/a Dish Network (hereinafter "DNS LLC"), is and was a limited liability company doing business as Dish Network, and having a place of business at 321 Commerce Way, Pembroke, New Hampshire 03775 and 9601 South Meridian Blvd., Englewood, Colorado 80112.

3. At all times relevant hereto, defendant Dish Network, LLC f/k/a EchoStar Satellite, LLC, also d/b/a as Dish Network (hereinafter individually "DN, LLC.") is and was a limited liability company and a successor and/or affiliated company to DNS LLC, and having a place of business at 321 Commerce Way, Pembroke, New Hampshire 03775 and 9601 South Meridian Blvd., Englewood, CO 80112.

4. At all times relevant hereto, defendant Dish Network Corp. also d/b/a Dish Network (hereinafter individually "DN Corp") is and was a corporation, and a parent of and/or affiliated corporation of the other defendants herein, and having a place of business at 9601 Meridian Boulevard, Englewood, CO 80112.

5. At all times relevant hereto, defendants DNS LLC, DN LLC, and DN Corp., (hereinafter collectively referred to as "Dish Network") were engaged, inter alia, jointly and/or severally, and individually and/or in affiliation with one another, in the business of providing, installing and servicing satellite TV packages, products, including wire and coaxial cable systems.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to RSA 491:7. Venue is proper pursuant to RSA 507:9.

## FACTS

7. At all times relevant hereto, defendants were engaged, inter alia, in the business of providing, installing and servicing satellite TV packages, products, including wire and coaxial cable systems.

8. At all times relevant hereto, Robert Hoey and Marcia Hoey are and were individuals who owned the premises and home situate 168 North Street, Rindge, New Hampshire and the property therein.

9. At all times relevant hereto, Allstate insured the Hoeys and their aforesaid premises, home and property therein, against loss by fire and other perils pursuant to its Policy No.; 00919873495 (hereinafter the "Policy").

10. Prior to May 26, 2010, the defendants individually and/or severally installed and serviced a satellite TV package including wires and coaxial cable system at and upon the plaintiff's premises.

11. On or about May 26, 2010, a fire originated and occurred at and in the Hoeys' aforesaid home and caused substantial property damages thereto, as well as damages to the

3

personal property therein and in a loss of use of said property, all of which damages were in excess of $350,000.

12. As a result of the May 26, 2010 fire, and pursuant to the terms and conditions of the Policy, Allstate thereafter compensated its insureds in the amount of $358,307.97 for the aforesaid losses which they had suffered.

13. As a result of the aforesaid May 26, 2010 fire loss and by reason of the payments which it made to its insureds, and pursuant to the terms and conditions of the Policy, Allstate is legally, equitably and contractually subrogated to the rights of its insureds.

## COUNT I – NEGLIGENCE

14. Plaintiff repeats and incorporates by reference all allegations set forth in the Complaint.

15. At all times relevant hereto, the defendants individually and/or severally acted through and by their duly authorized agents, servants and employees, and are vicariously liable for their actions.

16. The defendants were responsible for safely, properly and carefully installing and electrically grounding the satellite Dish TV package, including its wiring and coaxial cable system.

17. The defendants had a duty to exercise reasonable care in installing and providing the satellite dish TV package including its wiring and coaxial cable system.

18. The fire that occurred on or about May 26, 2010 was caused by the negligence, carelessness, recklessness and negligent acts and/or omissions of the defendants, in:

    a. failing to safely install the satellite TV system including its wiring and coaxial cable system;

4

    b.    failing to ground the satellite TV system including its wiring and coaxial cable system;

    c.    failing to ground and/or electrically bond the system's wiring and/or coaxial cable in accordance with the National Electric Code;

    d.    failing to determine by observation and/or by testing that the system was properly grounded.

19.    The aforesaid negligence, carelessness, recklessness and/or negligent acts and/or omissions on the part of the defendants herein were the direct and proximate cause of the fire and the resultant damages sustained by plaintiff's insureds.

20.    As a direct and proximate result of the aforesaid negligence of the defendants, plaintiff's insureds suffered significant damages to their property and a loss of use of their property, for which plaintiff Allstate has made payments to its insureds in the amount of $358,307.97.

21.    As a result of the aforesaid payments which plaintiff has made to its insureds, and pursuant to the terms and conditions of the Policy, the plaintiff is legally, equitably and contractually subrogated to the rights of its insureds.

22.    Plaintiff Allstate Fire & Casualty Insurance Company as subrogee of Robert Hoey and Marcia Hoey, demands judgment in its favor and against defendants Dish Network Service, LLC, Dish Network Service Corp. and Dish Network Corp. for compensatory damages in the amount of $358,307.97, together with interest, attorneys' fees, costs of suit and such other relief as the Court deems just and appropriate.

## COUNT II - BREACH OF CONTRACT

23.    Plaintiff repeats and incorporates by reference all allegations set forth in the Complaint.

24.    The defendants had a contractual obligation to safely provide, install, test and service the aforesaid satellite TV system including its wiring and/or coaxial cable system, and an

obligation to properly ground the system and/or to ascertain by observation and tests that the system was properly grounded.

25. The defendants breached the contractual obligations set forth in Paragraph 21.

26. The defendants' aforesaid breach of their contractual obligations was the proximate cause of the fire and of the resulting damages.

27. Plaintiff Allstate Fire & Casualty Insurance Company as subrogee of Robert Hoey and Marcia Hoey, demand judgment in its favor and against defendants Dish Network Service, LLC, Dish Network Service Corp. and Dish Network Corp, for compensatory damages in the amount of $358,307.97, together with interest, attorneys' fees, costs of suit and such other relief as the Court deems just and appropriate.

## JURY DEMAND

28. Plaintiff requests a jury trial on all issues so triable.

Respectfully submitted,
ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY

*[signature]*

John P. Sherman, Esquire (No. 12536)
SHERMAN LAW, PLLC
155 Fleet Street
Portsmouth, NH 03801
(603) 570-4837
jsherman@johnshermanlaw.com

Of Counsel: 5/22/2013

Gerard F. Belz, Jr., Esquire
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103
215-665-2046
gbelz@cozen.com

7